THE CITY OF SYRACUSE, Appellant, *v.* CHARLES E. COONEY and Others, Respondents, Impleaded with JOHN L. HEFFRON and Another, Defendants.

Fourth Department, November 25, 1925.

Trial — new trial on newly-discovered evidence — action to determine right to strip of land abutting street — prior decision was based on fact of dedication and acceptance of street — fact that street was laid out through legal proceedings does not justify new trial — new evidence will not affect decision.

A new trial will not be granted in an action to determine the rights to a strip of land abutting a street, on the ground of newly-discovered evidence, where it

appears that the newly-discovered evidence is that the street was laid out originally as the result of legal proceedings and not as the result of a dedication and acceptance thereof, for such new evidence cannot affect the result.

APPEAL by the plaintiff, The City of Syracuse, from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Onondaga on the 22d day of September, 1925, granting respondents' motion for a new trial upon the ground of newly-discovered evidence.

*F. J. Cregg* [*Frank Hopkins* of counsel], for the appellant.

*David F. Costello*, for the respondents.

SEARS, J.:

The questions involved in this action were the respective rights of the plaintiff and defendants to a strip of land along the westerly side of South Salina street in the city of Syracuse, being about twenty-nine feet in depth measured at right angles to the line of the street and sixty-one and four-tenths feet in width along the street. The plaintiff claimed that this parcel was within the boundaries of the street upon the theory that the street at this point was ninety-nine feet in width, while the defendants, on the other hand, contended that the street did not exceed seventy feet in width.

The action was tried before the court without a jury and resulted in a judgment in favor of the plaintiff, which was affirmed both in the Appellate Division (185 App. Div. 903) and in the Court of Appeals (228 N. Y. 530). The defendants have now moved for a new trial on the basis of certain newly-discovered evidence consisting of records of the town of Salina, dating from a time prior to the incorporation of the village of Syracuse in 1825, in which town the premises in question were situate at the time the records were made. These records consist of a survey in 1818 of an old highway, not adjacent to the lands of the defendants or to the premises in question, but to the east of them, and of a proceeding in 1822 including a survey from which it appears that the old highway was then legally abandoned and a new highway to take its place was opened in substantially the same location as the present South Salina street with a width of sixty-six feet where it passed the premises now claimed by the defendants. These records would justify a finding that in 1822 the highway, which later became South Salina street, and on which defendants' premises abut, was laid out by due legal proceedings with a width of sixty-six feet. Such a finding would not be inconsistent with the findings in the decision already made. In fact, it is in entire accordance with the view taken by the trial justice. The only difference is that the

trial justice's view seems to have been that the sixty-six-foot highway was established by dedication and acceptance, while the new evidence shows it to have been established by a legal proceeding. In the opinion filed upon the decision of the case, the trial justice says: " That it [South Salina street] was so laid out and dedicated as a sixty-six-foot street only, is the basis of defendants' contention. On this point I think defendants are right." And the findings relating to ancient maps and descriptions contained in early conveyances are in accordance with this conclusion. The additional fact that the sixty-six-foot highway had its origin in a legal proceeding rather than in dedication and acceptance could not logically affect the decision of the action which rests upon a subsequent dedication of additional land by the abutting property owners on the west side of South Salina street for the widening of the street and its acceptance by the municipality.

The defendants, therefore, failed to make out a case sufficient to warrant the granting of their motion.

We reached the same conclusion in the following cases which involved the same question as is before us upon this appeal: *City of Syracuse v. Philibosian; City of Syracuse v. Tiryakian; City of Syracuse v. Hogan, Action No. 1; City of Syracuse v. Hogan, Action No. 2* (all reported in 204 App. Div. 902).

The order appealed from should be reversed, with costs, and the motion denied, with costs.

HUBBS, P. J., CLARK and TAYLOR, JJ., concur.

Order reversed, with costs, and motion denied, with costs.